# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, JR., | No. 2:17-CV-2103-JAM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition (ECF No. 11) as time bared and for failing to state a cognizable habeas claim.

## I. BACKGROUND

### A. Procedural History

Petitioner is currently serving a life sentence without the possibility of parole. Petitioner's habeas petition relates to a Rules Violation Report (RVR) issued on April 9, 2014. ECF No. 1 at 95. The RVR asserts Petitioner approached Officer R. Grimes, the Building 10 Floor 2 Officer, and handed her a note. Id. The RVR states the note contained inappropriate content and constituted an attempt by Petitioner to gain unlawful influence with R. Grimes. Id. On April 19, 2014, the Senior Hearing Officer found Petitioner guilty of the charge of unlawful

influence and assessed 30 days loss of behavioral credit, and 10 days confinement to quarters. ECF No. 1 at 36.

Petitioner appealed the RVR asserting that he was not attempting to gain unlawful influence but rather simply informing R. Grimes about what other inmates were saying about her. Id. Petitioner's appeal was denied on June 19, 2014. ECF No. 1 at 39. Petitioner then filed a third level appeal and on December 15, 2014, the appeal was denied, exhausting his administrative remedies. ECF No. 1 at 43.

Petitioner then filed a Petition for Relief from Claim Requirement in Amador County Superior Court on July 30, 2015. ECF No. 13 at 2. The Amador County Superior Court struck the civil complaint on September 17, 2015, and ordered it refiled as a habeas corpus petition. ECF No. 1 at 46. On October 26, 2015, the Amador County Superior Court denied the habeas corpus petition. Id. Petitioner then filed an appeal with the California Court of Appeal Third Appellate District. Id. at 45-46. On July 22, 2016, the California Court of Appeal Third Appellate District converted the appeal into a petition for a writ of mandate, granted the writ of mandate and ordered the superior court to (1) vacate its order striking the civil complaint and refiling it as a habeas petition, (2) vacate its order denying the habeas petition, and (3) consider the merits of the original civil complaint. Id. Petitioner moved for voluntary dismissal of this action on December 17, 2016, after undergoing radiation treatment for prostate cancer and being denied appointment of counsel. ECF No. 13 at 3.

Petitioner filed a petition for a writ of habeas corpus in Amador Superior Court sometime in 2017, which was denied on May 9, 2017. ECF No. 1 at 6. Petitioner appealed the denial to the California Court of Appeal Third Appellate District, which summarily denied the petition on June 8, 2017. Id. at 7. Petitioner then filed an appeal with the California Supreme Court, which summarily denied the petition on September 13, 2017. Id. at 9.

///

///

///

///

**B.     Habeas Claims**

Petitioner alleges while he was housed in B Facility at MCSP he worked as a Porter assigned to housing until 10 from November 2012 until April 12, 2014. ECF No. 1 at 15. Petitioner's duties included cleaning the showers, tables, and floor, as well as listening to the commands of the officers at any given time. Id. Petitioner worked the third watch shift from 1:30 pm until 9 pm. Id. Petitioner asserts Officer R. Grimes was the floor officer in B Facility, building 10, during the time Petitioner worked there. Id. at 16. R. Grimes was Petitioners direct supervisor. Petitioner contends R. Grimes was talkative with inmates and that she drew Petitioners attention by watching him in a suggestive manner leading Petitioner to eventually approach her. Id. Petitioner alleges the conversations with R. Grimes were flirtatious and that R. Grimes would continually summon him for conversation. Id. at 17. Petitioner asserts his relationship with R. Grimes grew and he began showing her half dressed photos of himself and reading R. Grimes love songs and one of his stage plays. Id. R. Grimes was allegedly responsive and wanted Petitioner to sing her one of his love songs. Id.

Petitioner contends one evening he and R. Grimes were caught talking by lieutenant Allen. Id. The following day R. Grimes informed Petitioner that she was warned about having conversations with inmates at the command station and told Petitioner that writing was a good therapy. Id. at 18. Petitioner states he took this as a direction to write letters to R. Grimes and subsequently composed a letter. Id. Petitioner then spoke with R. Grimes on April 9, 2014, about another inmate spreading rumors that R. Grimes was the other inmate's girl. Id. Petitioner informed R. Grimes that he had written this information down in the letter he wrote for her. Id. Petitioner asserts R. Grimes assured him the letter would remain confidential, told him she wanted to see the letter, and directed him to go get the letter. Id. Petitioner then retrieved the letter from his cell and gave it to R. Grimes at approximately 3:30 pm. Id. Petitioner asserts R. Grimes read the letter at 8:30 pm, and informed Petitioner that she felt disrespected, Petitioner then apologized and walked away. Id.

///

///

3

On Wednesday April 12, 2014, Petitioner asserts R. Grimes turned the letter into Captain Olivas and Lieutenant Allen, denied all allegations contained within it, and ordered Petitioner to report to the Program Office, where he was then questioned by Lieutenant Allen. Id. at 20-21. Petitioner was then fired from his job, moved from building 10 to building 9, and ordered not to go near R. Grimes and not to look at her. Id. Petitioner was subsequently given an RVR for attempting to gain unlawful influence. Id. Petitioner primarily asserts claims of bias constituting a violation of his due process rights.

## II. DISCUSSION

Respondent argues the petition should be dismissed because the petition is untimely and because Petitioner fails to state a cognizable federal habeas corpus claim. First, Respondent argues Petitioner's federal habeas petition is untimely and thus time bared because the one-year statute of limitation period under the Antiterrorism and Effective Death Penalty Act (AEDPA) lapsed before Petitioner filed his federal habeas petition. Respondent contends when an inmate challenges an administrative decision, as Petitioner does here, the limitations periods begins to run after the administrative appeals have been denied and exhausted. Because Petitioner filed his habeas claim over a year after the final administrative appeal denial, Respondent argues the petition is time barred. Second, Respondent argues the Petition fails to state a cognizable federal habeas claim because Petitioner is serving a life sentence without the possibility of parole and thus resolution in Petitioners favor would not necessarily spell speedier release from custody.

### A. Statute of Limitations

Section 2254(a) states, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). AEDPA imposes a one year statute of limitations on applications for a writ of habeas corpus. See 28

///

///

U.S.C. § 2244(d)." Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). The statute expressly states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1).

The "one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). Further, § 2244(d)(1)(D) applies to habeas petitions that challenge administrative bodies such as parole and disciplinary boards. Id. at 1066. The limitations period begins to run when the petitioner receives the timely notice of the denial of the administrative appeal. Id.

In Shelby the Ninth Circuit reasoned:

> In *Redd,* we assumed, without deciding, that § 2244's limitation period applies to petitions challenging administrative decisions, but we instructed that § 2244(d)(1)(D)—rather than subsection (A)— would apply to habeas petitions that challenge administrative bodies such as parole and disciplinary boards. 343 F.3d at 1081–83. Under subsection (D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In *Redd,* the factual basis of the habeas petition was the parole

5

> board's denial of Redd's administrative appeal. *Id.* at 1082. Noting that Redd "[did] not dispute that he received notice of the Board's decision on December 7," we held that the statute of limitations began running the next day. *Id.; see also Burger,* 317 F.3d at 1138 (concluding that the "limitations period beg[an] on February 17, 1999, the undisputed date Burger learned of the change in his parole reconsideration date").
>
> Here, as in *Redd,* Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day. Because Shelby did not file his habeas petition until January 9, 2003, almost six months after the limitation period ran, we conclude that Shelby's petition is time barred
>
> Shelby, 391 F.3d at 1066.

Here, as in Shelby, there is no dispute Petitioner received timely" notice of the denial of his administrative appeal on December 15, 2014. Therefore, the limitations period began running the following day, December 16, 2014. Because Petitioner did not file his habeas petition until 2017, at least a year after the limitations period ran, Petitioner's habeas petition would normally be time barred.

However, Petitioner argues he is entitled to statutory tolling during the period he filed actions in state court and equitable tolling for the period of time he was undergoing radiation treatment. This Court addresses both the statutory tolling and equitable tolling arguments in turn below.

### 1. Statutory Tolling

The AEDPA one-year limitations period is tolled during the pendency of a properly filed application for state post-conviction or collateral review so long as the petitioner was challenging the pertinent judgment or claim even if the particular application does not include any of the claims later asserted in the federal habeas petition. 28 U.S.C.A. § 2244(d)(2); Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc, (Aug. 3, 2001). "Collateral review" of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process, not limited to challenges to the lawfulness of a prior judgment. Wall v. Kholi, 562 U.S. 545 (2011). Applications for collateral review include a "motion to vacate illegal sentence," Tillema v. Long,

253 F.3d 494, 499 (9th Cir.2001), abrogated on other grounds as described in Ford v. Pliler, 590 F.3d 782, 789 (9th Cir.2009), and coram nobis proceedings, Wall, 562 U.S. at 553, among others.

Here, Respondent argues that Petitioner's actions filed in state court do not qualify for statutory tolling because they related to a writ of mandate. To support this contention Respondent cites two cases from the Central District of California – Johnson v. Lewis, 310 F. Supp. 2d 1121 (C.D. Cal. 2004), and Thomas v. Salazar, 559 F. Supp. 2d 1063 (C.D. Cal. 2002). Both cases are cited for the proposition that petitions for a writ of mandate do not constitute a "properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim." This Court does not read either Johnson, Thomas, or any case cited within them to establish such a rule. But even if such a rule did exist its application here would be misplaced.

The operative state court action here is not the writ of mandate filed in the California Court of Appeal, but rather the initial civil action filed in Amador County Superior Court on July 30, 2015, eight months after the one-year limitation period began to run. The complaint filed in Amador County Superior Court is not in the record. However, as described by the California Court of Appeal the complaint was "not a model of clarity, but in general allege[d] claims of sexual harassment, intentional infliction of emotional distress, and *violations of due process*." ECF No. 1 at 54, emphasis added. A due process challenge to the RVR would necessarily be a post-conviction or collateral challenge to the ultimate judgment because, if established, a due process violation would imply the invalidity of the RVR and the deprivation of good time credit. This logic formed the basis of the Supreme Court's opinion in Edwards v. Balisok, where the Court extended Heck v. Humphrey to claims challenging the validity of the procedures related to the loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 646 (1997), see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Though a Heck bar is not an issue in this case, the holding of Balisok – that a due process claim challenging the loss of good time credit constitutes a collateral challenge – is an issue. Because Petitioner's July 30, 2015, complaint filed in Amador Count Superior Court contained a due process challenge to the RVR, the complaint was a collateral challenge to the pertinent judgment, and thus statutory tolling

applies. Applying statutory tolling for the time petitioner's state court actions were pending and the time between filings in state court, the instant federal petition is timely.

### 2. Equitable Tolling

The Court first notes, having determined statutory tolling applies, the resolution of the equitable tolling argument is largely superfluous. Nonetheless the Court discusses it below.

The one-year statutory limitations period is intended to protect the federal judicial system from having to address stale claims. Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. See Holland v. Florida, 560 U.S. 631, 634, 648 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. Pace v. Di Guglielmo, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. See Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); Guillory, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a claim on time.'" Miles, 187 F.3d at 1107 (quoting Calderon v. United States District Court, 163 F.3d 530, 541 (9th Cir. 1998), abrogated on other grounds, Woodford v. Garceau, 538 U.S. 202 (2003)). The petitioner must

show that an external force caused the petition's untimeliness, not "oversight, miscalculation, or negligence." Waldon–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. Holland, 130 S. Ct. at 2563.

Here, Petitioner contends he is entitled to equitable tolling for 60 days due to radiation cancer treatment. Petitioner asserts that during the period of radiation treatment he could not mentally function and had no access to the law library. Even if this Court accepts Petitioner's allegations related to the radiation treatment, he is not entitled to equitable tolling here, because there is no evidence here that Petitioner was not acting diligently, and Respondent makes no argument to the contrary. Accordingly, the Court moves to the second prong. There is no evidence that Petitioner's radiation treatment made it impossible for him to file his petition on time. First, the petition was timely due to statutory tolling. Second, if the petition was not afforded statutory tolling, a 60-day equitable tolling period would not make the petition timely. For that reason Petitioner's radiation treatment did not have any effect on the timeliness of the petition and thus equitable tolling would be inappropriate.

### B. Federal Habeas Claim

Respondents argue even if the case was not time bared, as this Court finds it is not, the habeas petition should nonetheless be dismissed as it fails to state a cognizable federal habeas claim. The federal habeas corpus statute, 28 U.S.C. § 2254, provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The courts have interpreted this statute to provide relief only where a successful challenge will shorten an inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Notably, the Ninth Circuit has held that federal courts lack habeas jurisdiction over claims for constitutional violations that do not challenge the validity of the conviction or do not necessarily spell speedier release. Blair v. Martel, 645 F.3d 1151, 1157–58 (9th Cir. 2011). Instead, such claims must be

1 | brought, if at all, in a § 1983 civil rights complaint.  Id.  With respect to disciplinary proceedings,
2 | habeas relief cannot be granted unless those proceedings necessarily affect the duration of time to
3 | be served.  Muhammed v. Close, 540 U.S. 749, 754–55 (2004).  Most recently, the Ninth Circuit
4 | has articulated that habeas relief is only available if success on the merits of a petitioner's
5 | challenged disciplinary proceeding would *necessarily* impact the fact or duration of his
6 | confinement.  Nettles v. Grounds, 830 F.3d. 922, 934–35 (9th Cir. 2016) (en banc).

Here, Petitioner asserts habeas jurisdiction is proper because despite the fact that he is serving a sentence of life without the possibility of parole, he may be eligible for a clemency program through the office of the California Governor.  This argument is not persuasive.  If, as in Nettles, federal habeas jurisdiction was improper in the context where a prisoner *was* eligible for parole and the RVR could have a direct impact on the parole outcome, federal habeas jurisdiction must be improper where parole is not available and only a possibility of clemency remains. Petitioner is currently serving a sentence of life in prison without the possibility of parole, there is no indication that he is being considered for clemency, and even if he were that would not change the ultimate outcome here.  Expungement of the RVR in this case would not compel a grant of clemency, and thus expungement of the RVR would not compel a speedier release from prison. For that reason, success on petitioner's claim challenging the RVR would not necessarily lead to a speedier release and thus such a claim cannot be brought in habeas.  See Nettles, 830 F.3d at 934-35.  For that reason, this Court finds Petitioner's claims are not cognizable in habeas and thus must be dismissed.

///
///
///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 11) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE